FILED

2017 JUL -5 AM 11: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
JACKSON, FLLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SCALCIONE, an individual
Florida resident,

              Plaintiff,

vs.

              Civil Action No.: 3:17-cv-760-J-32JRK

STOUGHTON AND DURAN CUSTOM
HOMES, LLC, a Florida Limited Liability
Company.

              Defendant.

_____/

## COMPLAINT

Plaintiff CHRISTOPHER SCALCIONE, ("Plaintiff" or "Employee"), sues Defendant STOUGHTON AND DURAN CUSTOM HOMES, LLC ("Defendant" or "Employer"), and alleges:

### General Allegations

1.    Plaintiff is a Florida resident.

2.    Employer is a custom home builder with its principal place of business in Flagler County, Florida.

3.    At all times material hereto, Plaintiff was an employee of Defendant.

4.    At all times material hereto, Defendant employed two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce and had gross sales of at least $500,000.00 annually. Defendant is an employer covered by FLSA and is an enterprise engaged in commerce.

1

5.      This action includes claims for failure to pay minimum wage and failure to pay overtime in violation of the Fair Labor Standards Act.

6.      The Defendant is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

7.      Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

a) The unlawful pay practices alleged herein occurred in Flagler County, Florida, in the Middle District of Florida;

b) At all times material hereto, Employer continues to be a Florida Profit Corporation doing business within this judicial district; and

c) Employer employed Employee within the Middle District of Florida.

8.      All conditions precedent and statutory prerequisites under Florida law to bringing this action have either been satisfied, been performed, or have been waived and/or excused.

9.      Plaintiff has retained the undersigned law firm to represent him in this action, which attorney's fees are recoverable pursuant to *Fla. Stat.* 448.08 and 29 U.S.C. §216(b).

## COUNT I - (Unpaid Wages)

10.     This is an action against Employer for damages which are believed to be greater than $75,000.00, exclusive of interest and costs.

11.    Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 9.

12.    Employee and Employer entered into a verbal agreement in July 2016 in which Employee was to be a profit share of 1/3 of all profit for each house under contract, whether the employee sold the house or not.

13.    In December 2016, the verbal agreement was modified so that in addition to the 1/3 profit payment Employee was to be paid as follows:

> Employer agreed to pay Employee $500.00 per month plus commissions in exchange for Employee organizing construction crews, ordering of materials for the construction jobs, providing sales leads for the Employer, bringing in jobs, meeting with customers, meeting with employees to review specifications, permitting and working with architect, including additional tasks.

14.    Employer paid Employee $500 in January, 2017, February, 2017 and March, 2017 and April, 2017.

15.    Employee worked through May 15, 2017 for Employer without receiving any payment whatsoever for his work prior to December 15, 2016 or his last two weeks of work.  Employer never paid any commissions or profit sharing.

16.    Employer failed to pay all wages, including but not limited to commissions and/or profit sharing, due to Employee.  Furthermore, Employer has expressly stated it will not pay Employee for the agreed upon commissions and/or profit sharing.

17.    Records, if any, concerning the number of hours worked by Employee are in the possession and custody of the employer.

3

18.    Employee has suffered damages by virtue of Employer's failure to pay unpaid wages.

WHEREFORE, Employee demands judgment against Employer for damages, costs, attorney's fees pursuant to *Fla. Stat.* 448.08, prejudgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT II - (FLSA)

19.    This is an action against Employer for violating the Fair Labor Standards Act ("FLSA").

20.    Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 9.

21.    Employee and Employer entered into a verbal agreement in July 2016 in which Employee was to be a profit share of 1/3 of all profit for each house under contract, whether the employee sold the house or not.

22.    In December 2016, the verbal agreement was modified so that in addition to the 1/3 profit payment Employee was to be paid as follows:

> Employer agreed to pay Employee $500.00 per month plus commissions in exchange for Employee organizing construction crews, ordering of materials for the construction jobs, providing sales leads for the Employer, bringing in jobs, meeting with customers, meeting with employees to review specifications, permitting and working with architect, including additional tasks.

23.    Employer paid Employee $500 on January, 2017, February, 2017, March, 2017 and April, 2017.

4

24.    Employee worked through May 15, 2017 for Employer without receiving any payment whatsoever for his work prior to December 15, 2016 or his last two weeks of work.  Employer never paid any commissions or profit sharing.

25.    Employer failed to pay all wages due to Employee.

26.    Furthermore, the amount paid and agreed to be paid to Employee was less than the statutory minimum wage.

27.    Additionally, Employer didn't pay time and a half for hours worked in excess of forty hours per week.

28.    Employer knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Employee for two weeks of work and failed to compensate Employee (when it did compensate Employee) by failing to pay the statutory minimum wage and overtime when it knew or should have known such was due.

29.    Due to the intentional, willful and unlawful acts of Employer, Employee has suffered damages from the failure to pay for two weeks of work, for failure to pay a Federal Minimum wage and for failure to pay overtime.

30.    As a direct and proximate result Employee has suffered damages by virtue of Employer's failure to pay unpaid wages, minimum wage and overtime.

31.    Due to the Employer's willful disregard of the FLSA, Employee is entitled to payment of the full amount due pursuant to FLSA, plus an equal amount for liquidated damages.

JIMERSON & COBB, P.A.

By: _____
D. Brad Hughes, Esq.
Florida Bar No. 0015367
bhughes@jimersoncobb.com
Adam B. Edgecombe, Esq.
Florida Bar No. 073487
aedgecombe@jimersoncobb.com
One Independent Drive
Suite 1400
Jacksonville, FL 32202
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
fileclerk@jimersoncobb.com
*Attorneys for Plaintiff*

## NOTICE OF E-MAIL DESIGNATION

Plaintiff          designates          bhughes@jimersoncobb.com          and

aedgecombe@jimersoncobb.com as the primary emails, and fileclerk@jimersoncobb.com

and jessicac@jimersoncobb.com as the secondary emails for service by electronic means

in accordance with the Florida Rules of Judicial Administration.

6